UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 07-21437-CIV-O'SULLIVAN
[CONSENT]

WILFREDO RAMIREZ, and
others similarly situated,
    Plaintiff,

v.

BAN BIN OF MIAMI, INC.,
et al.,
    Defendants.
_____/

## ORDER APPROVING SETTLEMENT AGREEMENT AND CLOSING CASE

THIS MATTER came before the Court sua sponte following notice from the parties that the case has settled and the Court having conducted a hearing concerning the settlement.

THE COURT has heard from counsel and considered the terms of the Settlement Agreement, the pertinent portions of the record, and is otherwise fully advised in the premises.

This case involves claims for unpaid overtime and minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("FLSA"). In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn Food Stores v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." Id. The district court may approve the settlement in order to promote the policy of encouraging settlement of litigation. Id. at 1354.

In this case, there is a <u>bona</u> <u>fide</u> dispute over FLSA provisions, as evidenced by the claims alleged in the complaint. The Court finds that the compromise reached by the parties under the terms of the Settlement Agreement is a fair and reasonable resolution of the parties' bona fide disputes. Accordingly, it is

ORDERED AND ADJUDGED that the parties' Settlement Agreement is hereby **APPROVED**.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **5th** day of June, 2008.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record