UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-21437-CIV-O'SULLIVAN
[CONSENT]

WILFREDO RAMIREZ, and
others similarly situated,

    Plaintiff,
v.
BAN BIN OF MIAMI, INC.,
et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on the Plaintiff's Verified Motion for Award of Attorney's Fees and Costs (DE # 88, 10/24/08) and the Motion to Seal Verified Motion for Award of Attorney's Fees and Costs (DE # 87, 10/24/08). The parties consented to the Magistrate Judge hearing all matters in this case. The plaintiff seeks to seal the motion for fees and costs because the settlement agreement is confidential. In <u>Pessoa v. Countrywide Home Loans, Inc.</u>, 6:06-cv-1419-Orl-JGG, 2007 U.S. Dist. Lexis 24076, *3 - 4 (M.D. Fla. Apr. 2, 2007), the court denied the parties' motion to file four FLSA settlement agreements under seal. The court concluded that "[s]ealing FLSA settlements from public scrutiny would thwart the public's independent interest in assuring that employees' wages are fair and do not endanger the national heath and well-being." <u>Id.</u> at * 4 (citation and internal quotation marks omitted).

Accordingly, the Motion to Seal Verified Motion for Award of Attorney's Fees and Costs (DE # 87, 10/24/08) is DENIED.

With respect to the Plaintiff's Verified Motion for Award of Attorney's Fees and

Costs (DE # 88, 10/24/08), the undersigned issues the following Order.

## **BACKGROUND**

On June 4, 2007, the plaintiff filed this lawsuit pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).  On October 14, 2008, the undersigned issued a Final Judgment in this matter in favor of the plaintiff (DE # 86).  On October 24, 2008, the plaintiff filed the Plaintiff's Verified Motion for Award of Attorney's Fees and Costs (DE # 88, 10/24/08).  The plaintiff seeks attorney's fees and costs pursuant to 29 U.S.C. §216 (b) of the Fair Labor Standards Act ("FLSA"), which provides that the Court shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee to be paid by the defendant, as well as costs of the action.

A response to Plaintiff's Verified Motion for Award of Attorney's Fees and Costs (DE # 88, 10/24/08) is past due and to date, the defendants have not filed a response. Rule 7.1(C), Local Rules for the United States District Court for the Southern District of Florida provides, in pertinent part:

> Each party opposing a motion shall serve an opposing memorandum of law no later than ten days after service of the motion as computed in the Federal Rules of Civil Procedure.  **Failure to do so may be deemed sufficient cause for granting the motion by default**.  (Emphasis supplied).

Having received no response from the defendants, the undersigned turns to an analysis of the plaintiff's entitlement to the fees and costs requested.

## **ANALYSIS**

### **I. Attorney's Fees**

#### A. Entitlement to Attorney's Fees

The Fair Labor Standards Act clearly provides for the recovery of attorney's fees for a prevailing plaintiff.  See 29 U.S.C. § 216(b).  Accordingly, because the Court entered a Final Judgment in favor of the plaintiff, the plaintiff prevailed in the case at bar and is entitled to an award of attorney's fees.

#### B. Amount of Fee Award

Having determined that the plaintiff is entitled to an award of attorney's fees incurred in connection with the prosecution of this lawsuit, the undersigned next addresses the appropriate amount of that fee award.  In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services.  See Hensley v. Eckerhart, 461 U.S. 424, 103 S. Ct. 1933 (1983); Loranger v. Stierheim, 10 F.3d 776 (11th Cir. 1994).  These two figures are then multiplied together, resulting in a sum commonly referred to as the "lodestar".  Under certain circumstances, the lodestar may be adjusted in order to reach a more appropriate attorney's fee.  See Blum v. Stenson, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984).

##### 1. Reasonable Hourly Rate

The Court must first evaluate plaintiff's requested fee in terms of the appropriate hourly rate.  In order to determine a reasonable and proper fee award, the court must

consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services.  See Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 104 S. Ct. 1541 (1984).  In determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." Mallory, 923 F. Supp. at 1555 (citing  Dillard v. City of Elba, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993)).

     The plaintiff requests an hourly rate of $300.00.  The plaintiff supports this fee request by submitting itemized billing records and an affidavit by attorney Leslie Florez attesting to the reasonableness of the fees.  The undersigned notes that the defendants, in failing to respond to the motion, have not raised an objection to the rate sought.  Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work. Norman, 836 F.2d at 1299. Furthermore, the court may make a fee award based on its own experience where documentation and testimony is inadequate or the fees claimed seem excessive. Norman, 836 F.2d at 1303 (citing Davis v. Board of School Commissioners of Mobile County, 526 F.2d 865, 868(5th Cir. 1976)).  Having considered and weighed the evidence, counsels' reputation and experience in the areas

of the applicable law, and the Court's familiarity with FLSA litigation and attorneys' fees in general, the undersigned finds that the hourly rate of $300.00 is reasonable and should be awarded.

### 2. Hours Reasonably Expended

The Court must next evaluate the plaintiff's requested fee for reasonableness in terms of the total hours expended by plaintiff's counsel. The plaintiff's motion requests reimbursement for 36.5 hours plus 0.75 hours for time spent in bringing the instant motion against the defendants.

This Court may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment when reviewing a claim for hours reasonably expended. See Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary," the court may reduce the number of hours for which fees will be awarded. Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145, 1150 (Fla. 1985); see also Loper v. New York City Police Dep't, 853 F. Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate contemporaneous records have not been kept, the court should not award the full amount requested").

Upon independent review of the plaintiffs' billing records submitted to this Court, the undersigned finds that it was reasonable for plaintiffs' counsel to spend 36.50 hours litigating this case and 0.75 hours in bringing the instant motion. Accordingly, the plaintiffs is awarded **$11,175.00** in attorneys fees.

**II. Costs**

The plaintiffs seek $916.48 in costs pursuant to 29 U.S.C. §216 (b) of the Fair Labor Standards Act ("FLSA").  Section 216 directs the Court to award a prevailing plaintiff the costs of the action.  Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  A "prevailing party," for purposes of the rule, is a party in whose favor judgment is rendered.  See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1248 (11th Cir. 2002); see also Santana v. Blue Ribbon Meats, Inc., No. 02-21089-CIV, 2003 U.S. Dist. LEXIS 25642, at *5 (S.D. Fla. July 3, 2003).  This means the party who won at the trial level, whether or not that party prevailed on all issues and regardless of the amount of damages awarded.  Choctawhatchee, 298 F.3d at p. 1248.  The plaintiff prevailed in the present case because the Court entered final judgment against the defendants.  The plaintiff is entitled to receive all costs that are recoverable under 28 U.S.C. § 1920.  Specific costs which may be awarded are set forth in Rule 54, Fed. R. Civ. P., and 28 U.S.C. § 1920, which states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> 1. Fees of the clerk and marshal;
>
> 2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> 3. Fees and disbursements for printing and witnesses;

  4.  Fees for exemplification and copies of papers necessarily obtained for use in the case;

  5.  Docket fees under section 1923 of this title;

  6.  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. §1920. Generally, "the trial court in the exercise of sound discretion may tax all reasonable expenses incurred by a prevailing party under the . . . headings listed in §1920 and under Rule 54(d)." Principe v. McDonald's Corp., 95 F.R.D. 34, 36 (E.D. Va. 1982).

A. Filing Fee

  The plaintiff requests $350.00 for the filing fee in the case at bar. This cost is permitted under 28 U.S.C. § 1920. The plaintiff is awarded $350.00 for the costs associated with the filing fee.

B. Service of Process

  The plaintiff requests $140.00 for service of process in the case at bar. This cost is permitted under 28 U.S.C. § 1920. The plaintiff is awarded $140.00 for the costs associated with service of process.

C. Mediation

  The plaintiff requests $300.00 for mediation in the case at bar. This cost is NOT permitted under 28 U.S.C. § 1920. The plaintiff is NOT awarded costs associated with mediation.

### D. Copy Costs

The plaintiff requests $79.03 for copy costs in the case at bar.  This cost is permitted under 28 U.S.C. § 1920.  The plaintiff is awarded $79.03 for the costs associated with copies.

### E. Messenger Service

The plaintiff requests $34.20 for messenger service in the case at bar.  This cost is NOT permitted under 28 U.S.C. § 1920.  The plaintiff is NOT awarded costs associated with messenger service.

### F. Parking Fees

The plaintiff requests $13.25 for parking fees in the case at bar.  This cost is NOT permitted under 28 U.S.C. § 1920.  The plaintiff is not awarded costs associated with parking fees.

The plaintiff is entitled to recover **$569.03** for costs – $350.00 for the filing fee, $140.00 for service of process and $79.03 for copies.

In accordance with the foregoing, it is

ORDERED AND ADJUDGED that the Court on the Plaintiff's Verified Motion for Award of Attorney's Fees and Costs (DE # 88, 10/24/08) is GRANTED in part and DENIED in part in accordance with the foregoing, and the plaintiff is awarded

8

**$11,175.00** in fees and **$569.03** in costs.

      DONE AND ORDERED at the United States Courthouse, Miami, Florida this 2nd day of December, 2008.

                                                JOHN J. O'SULLIVAN  
                                                UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record